■ EDWARD S. VAN BUREN, Appellant, v IRVING WISCH et al., as Trustees of the New York State Teamsters Conference Pension and Retirement Fund, Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered June 10, 1982 in Rensselaer County, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment. The dispositive issue on this appeal is whether Special Term erred in concluding that defendants' interpretation of its pension plan, which resulted in plaintiff's ineligibility for pension benefits, was proper. Defendants' pension plan provides that after a two-year break in service, the employee is no longer a member of the pension plan. At issue on this appeal is the provision of the plan which provides for "vesting" at age 53. The pension plan booklet states that "[t]ermination rules will be suspended for a member who has passed his 53rd birthday, provided he has 15 years of credited service". Plaintiff left his last employment with a participating employer approximately one month before his 53rd birthday. He contends that since his membership did not technically terminate until two years after he left the employment, he was still a member when he reached age 53 and that, therefore, the termination rules did not apply to him. Defendants, on the other hand, have construed the "vesting" provision as applying only to those who remain in service until they attain age 53. In *Mitzner v Jarcho* (44 NY2d 39, 46), the court recognized that break-in-service rules may preserve pension funds from financial ruin and, thus, are not unreasonable per se. "However, even where reasonable on its face, a break-in-service rule might nevertheless be arbitrarily, and thus improperly, applied" (*id.*) Where the construction of a break-in-service or termination provision of a pension plan is at issue, the court's inquiry is limited to "whether the trustees' interpretation of the termination clause was arbitrary and capricious, a product of bad faith or unsupported by sufficient evidence" (*Meckes v Cina,* 75 AD2d 470, 473, 475-476, affd on opn below 54 NY2d 894). We find no such impropriety in defendants' interpretation herein, which is consistent with the early retirement age of 55 provided for by the plan. Plaintiff's interpretation would result in actual vesting at age 51, since any employee who leaves service after age 51 would still technically be a member at age 53 when the termination rules are suspended. The pension plan booklet, however, clearly provides for vesting at age 53. Unlike *Mitzner (supra)*, the rule herein is not a retroactively applied amendment. Nor were the members not given adequate notice of the rule. On the contrary, the pension booklet specifically explained that "if you are *over*

*age 53* and have at least 15 years of credited service * * * *and cease to work for a participating employer,* your membership will be continued until you return to work for a participating employer or meet the eligibility requirements to retire under the Plan" (emphasis added). Having found no impropriety in defendants' interpretation of the termination rule, we reach no other issue. Order affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.