■ FRANK PICCOLA, Appellant, v ROBERT LUPE et al., as Trustees of the Construction and Common Laborers Local 157, Schenectady, New York, Pension Fund, Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered July 12, 1983 in Schenectady County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury.

The primary question presented on this appeal is whether the trial court properly held that defendants did not act arbitrarily and capriciously in interpreting the pension plan and amendment No. 5 as limited to a case involving temporary interruption of employment and not, as plaintiff contended, a permanently disabling condition with no return to the status of employee thereafter. We conclude that the decision of the trial court was correct. The judgment declaring that plaintiff was not entitled to disability pension benefits under defendants' pension fund plan should therefore be affirmed.

Turning to the remaining issues, we find that defendants' motion to dismiss the declaratory judgment action as an improper vehicle to challenge its determination of plaintiff's right to the disability pension was correctly denied. Further, we are of the opinion that plaintiff's argument that the trial court violated the doctrines of the law of the case or issue preclusion are unpersuasive.

Plaintiff was a member of the Construction and Common Laborers Local 157 since 1963. He became a covered employee under the pension fund plan which was adopted that year by the local. In December, 1967 plaintiff fell from a scaffold and sustained a fracture of his left acetabulum (hip socket). He did not

resume employment because of his injury until August 12, 1968. He worked but five days before being laid off.

Plaintiff was awarded workers' compensation benefits as of December, 1967 until he opted for a lump-sum payment of $27,000 in 1977. His initial claim for Social Security benefits in June, 1968 was rejected, but in August, 1969 he reapplied and the benefits were granted retroactive to June, 1968.

Plaintiff's application for a disability pension in November, 1972 was denied by defendants. Plaintiff was found to have met all the requirements of eligibility for a disability pension except for having the necessary 15 years of service credit. Service credit is defined as the total of past service and future service with at least one year being after 1963. Defendants credited him with 13 years of credited service; seven years for employment prior to July, 1963 (past-credited service), five years for employment from June 30, 1963 to June 30, 1968 (future-credited service), and one year for work performed in August, 1968 which was credited as additional plan hours reported, under plan amendment No. 5 (future-credited service).

Plan amendment No. 5, effective as of July 1, 1968, reads as follows: " 'Plan Hours Reported' shall include credit for disability commencing after July 1, 1968, if the employee verifies that he is the recipient of weekly loss of time benefits under the New York State Disability Benefits or Workmen's Compensation Laws, at the rate of seven (7) hours for each working day up to a maximum of twenty-six (26) weeks for any one disability. Hours of credit given for such disability however, shall not be added to the hours worked in a Plan Year in the calculation of excess hours for credited service."

Plaintiff argued that defendants miscalculated his credited service because he suffered four subsequent medical conditions, each independent of his initial injury and each of which would provide an adequate basis for an award of workers' compensation, which would have provided him with two years of additional future-credited service under amendment No. 5.

Subsequent to defendants' denial of his application, plaintiff instituted an action to compel defendants to grant him a disability pension, for moneys due thereunder and for punitive damages. Supreme Court (Graves, J.) determined that a re-examination of the case by defendants was warranted. Defendants were required to consider if plaintiff should be given additional credit years under the rules and regulations in effect at the time of the application. After the ordered hearing, defendants ruled that plaintiff did not qualify for a disability pension because of inadequate years of credited service. Plaintiff then commenced

this action for declaratory judgment. After trial, the court held that plaintiff was not entitled to a disability pension. This appeal ensued.

Although a retirement plan, being a hybrid of contract and trust principles, follows the maxims of contract construction, the criterion of review of a board of trustees' determination is whether such body acted arbitrarily and capriciously in denying benefits, in light of their duty to safeguard the fund from unwarranted depletions (*Mitzner v Jarcho,* 44 NY2d 39, 45). The arbitrary and capricious analysis applies to both factual determinations of the board of trustees and their conclusions on any legal issues involving the interpretation of any provisions of the pension plan (*Meckes v Cina,* 75 AD2d 470, 475-476, affd 54 NY2d 894; see *Van Buren v Wisch,* 97 AD2d 565). Defendants' interpretation that amendment No. 5 is limited to temporary interruptions of employment is not arbitrary. John A. Wilson, an account executive for the consulting firm engaged by defendants, testified as follows: "[T]he purpose of Amendment Number 5 was to provide a continuity of service during temporary periods of accident or sickness, and so while a person who, say, maybe gets injured in an automobile or on the job, broke a leg, temporarily, and then recovered and returned to work, so that when he came to retire it would be his total employment and his disability, so that it would be a continuity of service treating the periods of temporary disability; it was an interrupted-unexpected interruption of regular employment, and that was the intent of Amendment Number 5."

Under plaintiff's proposed interpretation, any future injury which is independent of the initial disability would entitle the person to additional credited service. The retirement date would never be fixed, an occurrence inconsistent with any pension plan. Moreover, the purpose of both the union trustees and the employer trustees in formulating the pension was to make payment "on an actuarially sound basis", which, at a minimum, requires accurate accounting. This would be most difficult to accomplish under plaintiff's proposed interpretation.

Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.